UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS L. Williams, | Case No. 3:20-cv-00214-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, | |
| Defendants. | |

*Pro Se* Plaintiff Thomas L. Williams brings this action under 42 U.S.C. § 1983. (ECF No. 1-1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 65), recommending that the Court grant Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 1), dismiss the complaint with prejudice (ECF No. 1-1), and deny his motion for appointment of counsel (ECF No. 1-2). (ECF No. 3.) Plaintiff had until July 2, 2020, to file objections. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R and grants the IFP application, dismisses the complaint with prejudice, and denies the motion for appointment of counsel as moot.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); see also *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the

magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

Because there is no objection, the Court need not conduct de novo review and is satisfied that there is no clear error. Judge Baldwin found that Plaintiff's IFP application demonstrates that he cannot pay the filing fee and recommends that the Court grant the application. (ECF No. 3 at 2.) The Court agrees.

Judge Baldwin also recommends the Court dismiss the complaint with prejudice and deny Plaintiff's motion for appointment of counsel as moot because the State of Nevada is the only named Defendant in this case and Plaintiff's allegations challenge his state court criminal conviction and proceedings. (ECF No. 3 at 3-5.) Plaintiff may not bring 42 U.S.C. § 1983 claims or state law claims against the State of Nevada because "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *see also* NRS § 41.031(3) ("The State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States."). Additionally, if Plaintiff seeks to challenge his state court conviction and proceedings, he must do so through a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). For these reasons, the Court agrees with Judge Baldwin's recommendations.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 3) is adopted in its entirety.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF

No. 1) is granted.

It is further ordered that Plaintiff's complaint (ECF No. 1-1) is dismissed with prejudice.

It is further ordered Plaintiff's motion for appointment of counsel (ECF No. 1-2) is denied as moot.

It is further ordered that the Clerk of Court enter judgment in accordance with this order and close this case.

DATED THIS 9th day of July 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE